IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 13, 2010

## TOMMY LEE CLARK v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-09-102      Roy B. Morgan, Jr., Judge**

**No. W2009-01613-CCA-R3-PC  - Filed April 21, 2010**

The petitioner, Tommy Lee Clark, appeals the denial of his petition for post-conviction relief, arguing that his trial counsel was ineffective for failing to object to improper cross-examination and for not investigating the petitioner's mental competency.  The State argues that the petitioner has waived appellate review of these issues by not including them in his petition for post-conviction relief.  Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Joseph Taggart, Jackson, Tennessee, for the appellant, Tommy Lee Clark.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The petitioner was convicted by a Madison County jury of aggravated burglary, attempted aggravated burglary, and possession of a deadly weapon other than a firearm with the intent to employ it during the commission of a dangerous offense, for which he received an effective sentence of thirty-three years.  His convictions and sentence were affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal.  State v. Tommy Lee Clark, No. W2007-01829-CCA-R3-CD, 2008 WL 3342992, at *1 (Tenn. Crim. App. Aug. 11, 2008), perm. to appeal denied (Tenn. Jan. 20, 2009).

Our direct appeal opinion reveals that the petitioner's convictions stemmed from his actions in a residential Jackson neighborhood on the evening of June 23, 2006, where he attempted to break into one home and broke into another. Id. at *1-2. The State presented four witnesses at trial: Scott Long, who heard the sound of breaking glass and saw the petitioner walking across a parking lot adjacent to his house and then standing in front of the house across the street; Steve Russell, who heard a loud noise and discovered that his front window panes had been broken; Joseph Martinez, who heard crashes, investigated, and discovered the petitioner, bleeding and holding a box cutter, with his hands and his head inside the window of a bedroom in his home; and Jackson Police Officer David Knolton, who responded to the scene to find the petitioner, who was bleeding from his forearm, and Martinez, who was carrying a firearm, confronting each other. Id.

The defendant's proof at trial consisted of his own testimony and the testimony of a physician's assistant who treated him on the night of the crimes. Cammie Neal, the physician's assistant, testified that she treated the petitioner for three lacerations on his forearm, that she did not observe any shot or pellet wounds on the petitioner, and that the petitioner's toxicology report revealed the presence of alcohol and cocaine in his blood. Id. at *2. The petitioner claimed that he ran from his friend's home in the neighborhood because a man was shooting at him and that he kicked out the windows in the victims' homes in an effort to get help. Id. He said he did not know if he had been shot during the incident. Id. at *3.

The petitioner filed an original *pro se* petition for post-conviction relief on June 25, 2007, in which he raised claims relating to the illegality of his sentence, prosecutorial misconduct, and ineffective assistance of counsel. He was later allowed to withdraw the petition without prejudice because his direct appeal was still pending, and, on April 7, 2009, he filed another *pro se* petition in which he raised a number of claims, including ineffective assistance of counsel. Specifically, the petitioner alleged that he informed counsel that he had been shot on the night of the alleged crimes and that counsel was ineffective for not adequately investigating and advancing that claim at trial. Following the appointment of post-conviction counsel, the petitioner filed an amended petition dropping the claims of illegal sentencing and prosecutorial misconduct and amending the claim of ineffective assistance to state that counsel was ineffective for failing to communicate his trial strategy, not properly advising the petitioner during pretrial negotiations of the implications of a jury trial, and improperly withholding exculpatory evidence.

At the July 9, 2009, evidentiary hearing, trial counsel described in some detail the steps he had taken in his representation of the petitioner, which included obtaining the

petitioner's medical records, interviewing the physician's assistant,[1] and learning that the gunshot wound reflected in the petitioner's medical records occurred approximately a year before the night of the alleged crimes. He said he advised the petitioner that he did not think the physician's assistant would provide any testimony relevant to his defense, but the petitioner nonetheless insisted that he call her as a witness.

Trial counsel testified that he did not investigate whether the petitioner was receiving disability benefits at the time of the trial and could not recall if a forensic examination was conducted. He stated, however, that the petitioner, whom he had represented on several occasions, was always able to communicate with him and assist in his own defense. He, therefore, saw no necessity for a mental evaluation. Trial counsel testified that he could not recall whether the prosecutor asked the petitioner on cross-examination if he had been motivated to commit the crimes by his desire to obtain money to support his drug habit. He further testified that he could not offer his opinion as to whether such questions were inflammatory or prejudicial without reviewing the transcript to find out the context in which the questions had been asked.

The petitioner complained that trial counsel, among other things, failed to communicate with him, did not call the witnesses he requested, and failed to adequately cross-examine the witnesses at trial, especially with respect to whether the petitioner had received a gunshot wound at the time of the alleged crimes. The petitioner also testified that he was disabled, explaining that he had "had a stroke on . . . [his] left hand."

At the conclusion of the hearing, the post-conviction court orally denied the petition, finding that the petitioner had failed to meet his burden of demonstrating that he was deprived of the effective assistance of trial counsel. The court entered its written order containing findings of fact and conclusions of law on July 16, 2009.

## ANALYSIS

In a timely appeal to this court, the petitioner argues that trial counsel provided ineffective assistance by failing to object to the prosecutor's "highly prejudicial statements with no factual or evidentiary foundation" and by failing to investigate or evaluate the petitioner's mental status at the time of the offenses. The State responds by arguing that the petitioner has waived appellate review by his failure to include his claims in his post-conviction petition. The State further argues that the petitioner failed to meet his burden of showing that counsel was deficient in his representation or that he was prejudiced as a result. We agree with the State.

---

[1] Although trial counsel referred to this individual as a nurse, it appears that he was referring to the physician's assistant who treated the petitioner for his lacerations.

"Ineffective assistance of counsel is generally a single ground for relief under the post-conviction statute" although it "may be proved by multiple acts or omissions." Thompson v. State, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997) (citations and internal quotation marks omitted). "Thus, all factual allegations must be presented in one claim." Erika Louise Bunkley Patrick v. State, No. W2004-02217-CCA-R3-PC, 2006 WL 211824, at *10 (Tenn. Crim. App. Jan. 24, 2006) (citing Tenn. Code Ann. § 40-30-106(d)). A petitioner may not, therefore, "relitigate a claim of ineffective assistance of counsel 'by presenting new and different factual allegations' on appeal." Id. (quoting Thompson, 958 S.W.2d at 161). Because the petitioner's issues on appeal involve completely new and different allegations from those contained in his *pro se* or amended petitions, we agree with the State that the issues are waived.

We further agree with the State that, even if not waived, the petitioner would not be entitled to post-conviction relief on the basis of these claims. The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2006). To establish a claim of ineffective assistance of counsel, he has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

The petitioner has not met his burden with respect to either of the allegations of ineffective assistance raised in this appeal. His vague testimony about being disabled due to a stroke that affected his hand does not establish either that counsel was deficient for failing to request a mental evaluation or that the petitioner was prejudiced as a result. Similarly, the petitioner has also failed to establish either deficient performance or resulting prejudice to his case due to counsel's failure to object to the prosecutor's questions about his drug use, an issue that was first raised by a witness that the petitioner insisted that counsel call in his defense.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE